UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

v.

FIRST STREET OCEAN GRILLE, LLC,

        Defendant.

Civ. Action No.: _____

==========================================

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Delahunt Law PLLC, for its complaint for declaratory judgment alleges upon information and belief:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201. Mt. Hawley seeks judgment declaring it has no duty to defend or indemnify defendant First Street Ocean Grille ("First Street Ocean Grille") in connection with an April 25, 2021 incident and the related subsequent action captioned <u>Amber Rodriguez v. First Street Ocean Grille, LLC a/k/a Ocean Grille and Bar, and John Doe</u>, Florida Circuit Court, 4th Judicial Circuit, Duval Co., Case No. 2022-CA-001820 ("the <u>Rodriguez</u> Action").

2. At all relevant times, Mt. Hawley was an Illinois corporation with its principal place of business in Illinois.

3. At all relevant times, Mt. Hawley was engaged in certain insurance business in New York State on an excess and surplus lines basis.

4. At all relevant times, defendant First Street Ocean Grille was a Florida limited liability company with its principal place of business in Florida.

5. Upon information and belief, First Street Ocean Grille's sole member is Manjola Rajta, a citizen of Florida.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

7. First Street Ocean Grille is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

8. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(3).

## FACTS

9. At all relevant times, defendant First Street Ocean Grille was engaged in the business of operating a restaurant and bar located at 333 1st Street North, Suite 110, Jacksonville Beach, Florida.

10. Mt. Hawley issued defendant First Street Ocean Grille an insurance policy including commercial general liability coverage (No. GGL0018925) for the period August 20, 2020 to August 20, 2021 (the "Mt. Hawley Policy"). A certified copy of the Mt. Hawley Policy is attached hereto as **Exhibit 1**.

11. The Mt. Hawley Policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

**SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**

**Conditions**

1. This Policy is amended to add the following Conditions:

  **AA.** **Jurisdiction and Venue**.   It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction.  Any litigation commenced by any "Insured" against the Company shall be initiated in New York.  Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

  **BB.** **Choice of Law**.   All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

11. The Mt. Hawley policy is subject to the Assault and/or Battery Exclusion, which states in part:

  This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE PART

  **A.** This insurance does not apply to any claim, "suit", cost, expense and/or cause of action arising from:

   **1.** An assault and/or battery regardless of culpability or intent; or

   **2.** A physical altercation; or

   **3.** Any act, failure to act, error or omission to prevent or suppress an assault and/or battery or physical altercation.

  This exclusion applies whether an insured, an insured's employee, a patron or any other person commits, causes, instigates or directs the assault and/or battery or physical altercation.

  This exclusion also applies to any claim, "suit", cost, expense or cause of action:

   **1.** By a person or entity seeking recovery or asserting rights arising out of, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an assault and/or battery or a physical altercation; or

    **2.**    By a person or entity seeking recovery for emotional distress, loss of society, services, consortium and/or income, reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages), arising out of, caused or contributed to by, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an assault and/or battery or physical alteration; or

    **3.**    By a person or entity seeking contribution or indemnification for any claim, "suit", cost or expenses seeking recovery for or arising out of an assault and/or battery or physical altercation; or

    **4.**    Alleging negligent hiring, placement, training or supervision, or allegations of any act, error, or omission arising out of or relating to an assault and/or battery or physical altercation; or

    **5.**    Alleging failure to provide proper security or safe premises to any person injured in an assault and/or battery or physical altercation.

We are under no duty to defend any insured in any "suit" alleging a cause of action, claim, "suit", cost or expense excluded by the above and/or alleging an assault and/or battery or physical altercation.

12.    The <u>Rodriguez</u> Action was commenced by the filing of a complaint on March 31, 2022. A copy of the complaint is attached hereto as **Exhibit 2**.

13.    The <u>Rodriguez</u> Action complaint alleges:

    5.    At all times relevant, Defendant, FIRST STREET OCEAN GRILLE, was the owner, operator, and/or maintainer in possession of that certain business/facility, located at 333 1st Street North, Suite 110, Jacksonville Beach, Duval County, Florida (the "subject premises (sic)). At all times, this Defendant was responsible for the security, maintenance, supervision, budget and operation of the Premises.

    6.    At all times relevant, Defendant, FIRST STREET OCEAN GRILLE, employed Defendant, John Doe, as security personnel at the subject premises.

> 7. On or about April 25, 2021, Plaintiff, AMBER RODRIGUEZ, was an invitee, and/or patron of Defendant, FIRST STREET OCEAN GRILLE.
>
> 8. On said date, Defendant, JOHN DOE, violently assaulted and battered Plaintiff, AMBER RODRIGUEZ, while on Defendant's, FIRST STREET OCEAN GRILLE, premises.
>
> 9. On said date, while employed and performing his job duties for Defendant, FIRST STREET OCEAN GRILLE, Defendant, JOHN DOE, violently assaulted and battered Plaintiff, AMBER RODRIGUEZ, while on Defendant's, FIRST STREET OCEAN GRILLE, premises, by pushing Plaintiff, AMBER RODRIGUEZ and causing her to fall to the ground, and then dragging Plaintiff, AMBER RODRIGUEZ on the ground.

14. As against John Doe, the Rodriguez complaint asserts a cause of action for assault and battery.

15. As against First Street Ocean Grille, the Rodriguez complaint asserts causes of action for vicarious liability and negligence.

16. There is no duty to defend or indemnify First Street Ocean Grille under the Mt. Hawley Policy in connection with the Rodriguez Action or the April 25, 2021 incident alleged therein as they fall wholly within the Mt. Hawley Policy's Assault and/or Battery Exclusion.

17. In an attempt to avoid the Assault and/or Battery Exclusion endorsement, the Rodriguez complaint was amended on July 13, 2022 to remove the cause of action for assault and battery against John Doe in connection with the April 25, 2021 incident. A copy of the amended Rodriguez complaint is attached hereto as **Exhibit 3**.

18. The amended Rodriguez complaint alleges:

> 5. At all times material to this action, including April 25, 2021, Defendant, FIRST STREET OCEAN GRILLE, was the owner, operator, and/or maintainer in possession of that certain business/facility, located at 333 1st Street North, Suite 110, Jacksonville Beach, Duval County, Florida (the

"subject premises (sic)). At all times, this Defendant and (sic) was responsible for the security, maintenance, supervision, budget and operations of the Premises.

6. At all times material to this action, including April 25, 2021, Defendant, FIRST STREET OCEAN GRILLE, employed Defendant, John Doe, as security personnel at the subject premises.

7. At all times material to this action, including April 25, 2021, Plaintiff, AMBER RODRIGUEZ, was an invitee, and/or patron of Defendant, FIRST STREET OCEAN GRILLE.

8. At all times material to this action, including April 25, 2021, Defendant, FIRST STREET OCEAN GRILLE, owed Plaintiff a non-delegable duty to exercise reasonable care to maintain the Premises in a reasonably safe condition.

9. At all times material to this action, including April 25, 2021, Defendant, FIRST STREET OCEAN GRILLE, created a foreseeable zone of risk of harm such as that complained of herein, by permitting its security personnel, and specifically Defendant, JOHN DOE, to aggressively and hurriedly escort patrons toward the exits of the subject premises without taking reasonable measures for their safety.

10. At all times material to this action, including April 25, 2021, Defendant, FIRST STREET OCEAN GRILLE, had a duty to protect other patrons from said danger.

11. At all times material to this action, including April 25, 2021, Defendant, JOHN DOE, owed a duty to act reasonably and take reasonable measures to protect Plaintiff, AMBER RODRIGUEZ, from the harm complained of herein.

15. At all times material to this action, including April 25, 2021, while employed and performing his job duties for Defendant, FIRST STREET OCEAN GRILLE, Defendant, JOHN DOE, acted negligently by escorting Plaintiff, AMBER RODRIGUEZ, toward the exit of the subject premises in a hurried and aggressive manner, causing her to fall to the ground and sustain injury further described herein.

19. As against John Doe, the amended Rodriguez complaint omits a cause of action for assault and battery and instead asserts a cause of action for negligence.

20. As against First Street Ocean Grille, the amended Rodriguez complaint asserts causes of action for vicarious liability and negligence.

21. Notwithstanding the omission of a cause of action for assault and battery in the amended Rodriguez complaint, all of the causes of action asserted in the amended Rodriguez complaint arise out of, and would not exist but for, a physical altercation, and are therefore excluded pursuant to the Mt. Hawley Policy's Assault and/or Battery Exclusion.

22. Any alleged duty to defend under the Mt. Hawley Policy is based on the facts alleged in the amended Rodriguez complaint, not the legal theories asserted therein, and Mt. Hawley therefore has no duty to defend or indemnify First Street Ocean Grille in the Rodriguez action as none of the causes of action therein would exist but for a physical altercation pursuant to the Mt. Hawley policy's Assault and/or Battery Exclusion.

23. Pursuant to the Mt. Hawley policy's Service of Suit and Conditions Endorsement, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that, under New York law, Mt. Hawley has no duty to defend or indemnify First Street Ocean Grille in connection with the Rodriguez action or the April 25, 2021 incident alleged therein.

## FIRST CAUSE OF ACTION

24. Mt. Hawley realleges paragraphs 1 through 23 above as if fully set forth herein.

25. There is no duty to defend or indemnify First Street Ocean Grille under the Mt. Hawley policy in connection with the Rodriguez action or the April 25, 2021 incident alleged therein as they fall wholly within the policy's Assault and/or Battery Exclusion.

26. Mt. Hawley is entitled to judgment declaring that it has no obligation to defend or indemnify First Street Ocean Grille in connection with the Rodriguez action or the April 25, 2021 incident alleged therein.

**WHEREFORE**, Mt. Hawley respectfully requests judgment (1) declaring that it has no duty to defend or indemnify First Street Ocean Grille in connection with the Rodriguez action or the April 25, 2021 incident alleged therein; and (2) such other and further relief in Mt. Hawley's favor as the Court finds just and appropriate.

Dated: February 13, 2022	Respectfully submitted,

	DELAHUNT LAW PLLC


	By:	_____/s_____
		Timothy E. Delahunt
		Bar Roll No. TD-2791
		tdelahunt@delahuntpllc.com

	295 Main Street
	Suite 836
	Buffalo, New York 14203
	Tel.: (716) 878-9178

	*Attorneys for plaintiff*
	*Mt. Hawley Insurance Company*