USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/1/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

MT. HAWLEY INSURANCE COMPANY,                      :

                                    Plaintiff,     :

                                                   :           23-CV-1198 (VEC)

                    -against-                      :           OPINION

                                                   :

FIRST STREET OCEAN GRILLE, LLC,                    :

                                    Defendant.     :

----------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Mt. Hawley Insurance Company ("Mt. Hawley") provided commercial general liability

("CGL") insurance to First Street Ocean Grille, LLC ("Ocean Grille") from August 20, 2020, to

August 20, 2021.  Compl. ¶ 10, Dkt. 1.  Mt. Hawley seeks a declaratory judgment that it does not

have a duty to defend or indemnify Ocean Grille in connection with claims asserted by a third

party, Amber Rodriguez ("Rodriguez").  *Id.* ¶ 1.  In March 2022, Rodriguez sued Ocean Grille

and one of its employees in Florida, *Rodriguez v. First St. Ocean Grille, LLC a/k/a Ocean Grille

and Bar, and John Doe*, No. 2022-CA-001820 (Fla. 4th Cir. Ct.) ("Florida Action").  *Id.* ¶¶ 1, 12.

Mt. Hawley moved for judgment on the pleadings pursuant to Federal Rule of Civil

Procedure 12(c).  *See* Pl. Mot. for Judgment on the Pleadings, Dkt. 26.  Ocean Grille opposed the

motion.  *See* Def. Opp., Dkt. 28.  For the reasons set forth below, Mt. Hawley's motion for

judgment on the pleadings is DENIED.

# BACKGROUND

## I.       Florida Action

On March 31, 2022, Amber Rodriguez filed a complaint ("Original Complaint") against Ocean Grille in connection with an incident that took place on April 25, 2021 (the "Incident"). *See* Original Compl., Dkt. 1–2.  Rodriguez sued John Doe ("Doe"), an employee of Ocean Grille, for assault and battery, and Ocean Grille, for vicarious liability and negligence.  *Id.*  The Original Complaint alleged that on April 25, 2021, Doe "willfully and violently attacked" and "violently assaulted and battered" Rodriguez "by pushing [her] and causing her to fall to the ground, and then dragging [her] on the ground."  *Id.* ¶¶ 9, 19.

On July 13, 2022, Rodriguez filed an amended complaint ("Amended Complaint").  *See* Am. Compl., Dkt. 1–3.  The Amended Complaint eliminated all allegations of assault and battery and instead alleged claims of negligence against both defendants.  *Id.*  The Amended Complaint alleged that Doe, while performing his job duties for Ocean Grille, "acted negligently by escorting [Rodriguez] toward the exit of the subject premises in a hurried and aggressive manner, causing her to fall to the ground and sustain injury."  *Id.* ¶ 25.  The Amended Complaint maintained claims of vicarious liability and negligence against Ocean Grille adjusted to account for the new claims against Doe.  *Id*. ¶¶ 20–31.

Mt. Hawley is currently defending Ocean Grille in the Florida Action.  Pl. Mem. of Law at 5, Dkt. 27.

## II.       Mt. Hawley Policy and Coverage Dispute

The Insurance Policy ("Policy") at issue excludes coverage for claims arising out of assault, battery, or other physical altercation (the "Exclusion"):

> This insurance does not apply to any claim, "suit", cost, expense and/or cause of action arising from:

1. An assault and/or battery regardless of culpability or intent; or
2. A physical altercation; or
3. Any act, failure to act, error or omission to prevent or suppress an assault and/or battery or physical altercation.

This exclusion applies whether an insured, an insured's employee, a patron or any other person commits, causes, instigates or directs the assault and/or battery or physical altercation.

Policy at 56, Dkt. 1–1.

## DISCUSSION

### I.    Legal Standard

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Enel Green Power N. Am., Inc. v. Geronimo Energy, LLC*, No. 18-CV-5882, 2019 WL 4805659, at *6 (S.D.N.Y. Sept. 30, 2019) (quoting *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988)).  The Court applies the same standards when reviewing a Rule 12(c) motion for judgment on the pleadings as on a 12(b)(6) motion to dismiss; it must view the pleadings in the light most favorable to the non–moving party and draw all reasonable inferences in that party's favor.  *See Smith v. Wilson*, No. 96-CV-5598, 1997 WL 786928, at *1 (S.D.N.Y. Dec. 23, 1997) (citations omitted).  When, as here, "a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants . . . ." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021); *N. River Ins. Co. v. Leifer*, No. 21-CV-7775, 2022 WL 1210847, at *3 (S.D.N.Y. Apr. 25, 2022), *aff'd*, No. 22-1009, 2023 WL 2978970 (2d Cir. Apr. 18, 2023).  In deciding a Rule 12(c) motion, the court examines "the complaint, the answer, any written documents attached to them, and any matter of which the

court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted).[1]

"[J]udgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." *Lively*, 6 F.4th at 301 (citation omitted). "[A] court may consider undisputed allegations of fact on a Rule 12(c) motion under the same standard as Rule 12(b)(6), but it may not use a motion for judgment on the pleadings to weigh disputed factual allegations." *Id.* at 302.

## II.     The Exclusion

Mt. Hawley argues that the allegations in the Original Complaint should inform this Court's decision. Because the Original Complaint alleged an intentional assault, Mt. Hawley argues that, as a matter of law, the Exclusion bars coverage for the Florida Action. Pl. Mem. of Law at 7–8. Ocean Grille argues that there is a genuine dispute as to whether the Exclusion applies because the Amended Complaint alleges negligence and because the Policy does not define "assault," "battery," or "physical altercation." Def. Opp. at 1–2.

### A.     Duty to Defend

Under New York law, "the duty to defend is exceedingly broad and more expansive than the duty to indemnify." *Int'l Bus. Machs. Corp. v. Liberty Mut. Fire Ins. Co.*, 303 F.3d 419, 424 (2d Cir. 2002) (citation and internal quotation marks omitted). An insurer has a duty to defend its insured whenever a third party states a cause of action that creates a reasonable possibility of

---

[1]     The Court may consider materials attached to the complaint or incorporated by reference, documents in Plaintiff's possession or of which Plaintiff had knowledge and relied on in bringing suit, as well as matters appropriate for judicial notice. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Mt. Hawley attached the Original Complaint, the Amended Complaint, and the Policy to its complaint; the Court has considered all of those materials.

coverage under the policy, regardless of how "false or groundless those allegations might be." *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 95 (2d Cir. 2018) (quoting *Seaboard Sur. Co. v. Gillette Co.*, 64 N.Y.2d 304, 310 (1984)); *see also Fieldston Prop. Owners Ass'n v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 264 (2011). In order for a policy exclusion to relieve the insurer of its duty to defend, "the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Frontier Insulation Contractors, Inc. v. Merchs. Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997); *see also Town of Massena v. Healthcare Underwriters Mut. Ins. Co.*, 98 N.Y.2d 435, 444 (2002).

The Court's analysis "depends on the facts which are pleaded." *Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153, 162 (1992). To determine whether there is a duty to defend, the Court must compare the allegations in the Florida Action to the Exclusion. *Spandex House, Inc. v. Hartford Fire Ins. Co.*, 407 F. Supp. 3d 242, 249–50 (S.D.N.Y. 2019), *aff'd*, 816 F. App'x 611 (2d Cir. 2020). The Court can grant Mt. Hawley's motion relative to its duty to defend only if it has demonstrated that there is no question of fact whether Rodriguez's claims arose out of an assault, a battery, or a physical altercation. *Anderson v. Burlington Ins. Co.*, No. 19-CV-297, 2023 WL 3751929, at *6 (W.D.N.Y June 1, 2023). Any ambiguity as to the nature of Rodriguez's claim must be resolved in favor of the insured. *Int'l Bus. Machs.*, 303 F.3d at 424.

Mt. Hawley argues that the Court should consider the allegations in the Original Complaint of assault and battery even though those allegations do not appear in the Amended Complaint. Pl. Mem. of Law at 7. Mt. Hawley states that because "the duty to defend is

determined based on the facts alleged in the underlying action . . . [and] because the amended

underlying complaint alleges the very same conduct as the original complaint, the amended

complaint *ipso facto* cannot affect the applicability of the exclusion."  Pl. Reply at 7, Dkt. 29.

According to Mt. Hawley, regardless of the theories of liability set forth in the Amended

Complaint, the Florida Action "arise[s] out of, and would not exist but for, a physical

altercation," and liability arising out of a physical altercation is squarely within the Exclusion.

Pl. Mem. of Law at 7.

    Ocean Grille argues that judgment on the pleadings is inappropriate because Mt. Hawley

has not met its burden to show that the Exclusion applies in the Florida Action as a matter of law.

Def. Opp. at 1.  According to Ocean Grille, it is not clear that the Exclusion applies because,

*inter alia*, the specific facts and events that led to Rodriguez's injuries are in dispute.  *Id.* at 1–3.

The Amended Complaint does not contain any explicit reference to an "assault," "battery," or

"physical altercation," and the Policy does not define those terms.  *Id.* at 1–2.  At the very least,

according to Ocean Grille, there is a question of fact whether the exclusion applies and,

therefore, Mt. Hawley is obligated to defend Ocean Grille in the Florida Action.  *Id.* at 1.  Ocean

Grille further argues that the Incident cannot be characterized as a physical altercation as a

matter of law because the Amended Complaint alleges that Rodriguez fell "while she was being

escorted towards the exit in a hurried and aggressive manner."  *Id.*  Ocean Grille also asserts that

Mt. Hawley possesses video evidence showing Rodriguez's alleged fall.  *Id.* at 2.

    If the Court were considering whether there was a duty to defend the Original Complaint,

it would hold that there is no duty to defend because the lawsuit falls squarely within the

Exclusion.  Under New York law, if the plaintiff "alleges the existence of facts clearly falling

within [a policy] exclusion, and none of the causes of action that . . . she asserts could exist but

for the existence of the excluded activity or state of affairs, the insurer is under no obligation to defend the action." *Scottsdale Indem. Co. v. Beckerman*, 120 A.D.3d 1215, 1219 (2d Dep't 2014); *see also Hugo Boss Fashions, Inc. v. Fed. Ins. Co.*, 252 F.3d 608, 621 (2d Cir. 2001) (noting that allegations in a complaint may themselves eliminate any doubt that a policy exclusion applies, and no duty to defend exists where the complaint alleges an intentional tort and the insurance policy provides coverage only for negligence claims).

The Amended Complaint, however, changed the theory of liability by removing all factual allegations of intentional tortious conduct and replacing them with claims of negligence. Courts in the Second Circuit have treated successive iterations of pleadings that remove factual allegations in order to abrogate a potential affirmative defense in various ways. *See Roman v. City of Mount Vernon*, No. 21-CV-2214, 2022 WL 2819459, at *4 (S.D.N.Y. July 19, 2022); *Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, 531 F. Supp. 3d 673, 712 (S.D.N.Y. 2021) (collecting cases). An amended complaint ordinarily supersedes any prior pleadings, rendering them of no legal effect. *See Pratt v. City of New York*, 929 F. Supp. 2d 314, 319 n.3 (S.D.N.Y. 2013); *Kilkenny v. Law Off. of Cushner & Garvey, L.L.P.*, No. 08-CV-588, 2012 WL 1638326, at *5 (S.D.N.Y May 8, 2012) ("[O]nce an amended pleading is filed, a court may not import information that was contained in the prior pleading but omitted from the amended pleading[.]"). Some courts, however, have disregarded amended pleadings when they contain facts that directly contradict facts alleged in prior pleadings. *Palm Beach Strategic Income, LP v. Salzman*, No. 10-CV-261, 2011 WL 1655575, at *5 (E.D.N.Y. May 2, 2011) (noting that "a district court has no obligation to accept as true an amended complaint's allegations if they directly contradict the facts set forth in his original complaint" (cleaned up)), *aff'd*, 457 F. App'x 40 (2d Cir. 2012); *Kilkenny*, 2012 WL 1638326, at *5. Courts have been especially skeptical of

7

amended complaints, filed after a defendant moves to dismiss, that contain facts that directly contradict facts alleged in the original complaint. *Colliton v. Cravath, Swaine & Moore LLP*, No. 08-CV-400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd*, 356 F. App'x 535 (2d Cir. 2009).

Facts, not legal theories, guide the analysis of whether an insurance policy exclusion applies. *Allstate Ins. Co.*, 79 N.Y.2d at 162–63. When "it can be determined from the factual allegations that no basis for recovery within the coverage of the policy is stated in the complaint, a court may sustain the insurer's refusal to defend." *Id.* at 163 (cleaned up). On the other hand, courts have disregarded original complaints when the amended complaint contains "additions, changes[,] and omissions that constitute the kinds of modifications often made by plaintiffs in response to a motion to dismiss." *Goldrich v. Masco Corp.*, No. 22-CV-3769, 2023 WL 2649049, at *3 (S.D.N.Y Mar. 27, 2023) (citation and internal quotation marks omitted).

Despite Mt. Hawley's suspicion that Rodriguez amended her complaint in direct response to Mt. Hawley disclaiming coverage, there is no evidence in the record to support that suspicion. Drawing all inferences in Ocean Grille's favor, as the Court must on Mt. Hawley's motion for judgment on the pleadings, the Court cannot conclude that Rodriguez amended her complaint to deliberately avoid the application of the Exclusion rather than, as suggested by Ocean Grille, to conform the factual allegations in the complaint to the evidence on the security footage. Def. Opp. at 7.[2]

The Court is also mindful that an "insured's right to a defense should not depend solely on the allegations a third party chooses to put in the complaint," especially if the issue of

---

[2]     It is also not clear that the changes between the two complaints in the Florida Action constitute the sort of direct contradiction that courts in this circuit have viewed as reason to disregard the allegations in an amended complaint.

coverage *vel non* is being decided via a motion for judgment on the pleadings.  *Fitzpatrick v. Am.*
*Honda Motor Co.*, 78 N.Y.2d 61, 68 (1991); *Roman*, 2022 WL 2819459, at *6 (finding that a
prior inconsistent pleading should not trump the court's obligation to accept a complaint's
allegations as true, even where the plaintiff amended the complaint so as to vitiate an affirmative
defense).  At this stage, Mt. Hawley bears the burden of demonstrating that the allegations in the
Florida complaint "cast the pleadings wholly within th[e] exclusion, [and] that the exclusion is
subject to no other reasonable interpretation . . . ."  *Frontier Insulation*, 91 N.Y.2d at 175.  It is
not clear that the factual allegations in the Amended Complaint of a "hurried" and "aggressive"
escort amount to a "physical altercation," let alone an assault or battery, and the Amended
Complaint is devoid of allegations of assault or battery against Doe.

Mt. Hawley relies on *Anderson v. Burlington Ins. Co.* to argue that Rodriguez's
allegations of negligence are insufficient to bring her claims outside the scope of the Exclusion.
Pl. Mem. of Law at 7–8.  Specifically, because both complaints are premised on the same
conduct and the negligence claims in the Amended Complaint, according to Mt. Hawley, directly
contradict the underlying factual allegations in the Original Complaint, Mt. Hawley contends that
the Exclusion applies regardless of the legal theories Rodriguez asserts.  *Anderson*, 2023 WL
3751929, at *8 (finding that "[p]laintiff's conclusory allegations of negligence, unsupported
by—and in direct contradiction with—his underlying factual allegations" of assault were
"insufficient to bring his claims outside the scope of the Assault and Battery Exclusion").
Reliance on *Anderson* is misplaced.  In *Anderson*, each successive iteration of the plaintiff's
complaint realleged the claims of assault and battery contained in the original complaint; in
contrast, the Amended Complaint in this case does not carry over the allegations of assault and
battery from the Original Complaint.  *Id.* at *7.  Thus, the sort of direct contradiction between the

factual allegations and the legal theory of recovery that led the Court in *Anderson* to conclude
that the policy exclusion applied is not present here.

Ocean Grille claims that Mt. Hawley possesses video evidence "showing plaintiff's fall
while being escorted," Def. Opp. at 7; Mt. Hawley does not deny that it possesses video footage
of the Incident but denies Ocean Grille's characterization, Pl. Reply at 6.  That evidence, which
was not presented to this Court by either party, could clearly show that the Exclusion does not
apply because there was no physical altercation.  Or the security tape footage could show that the
Incident was unquestionably a physical altercation so that Rodriguez's current description of the
incident as a "hurried and aggressive" escort is fiction.  Or the security tape footage could be
ambiguous.  In the first and last situations, Mt. Hawley has a duty to defend.[3]  In the second
situation, Mt. Hawley could be entitled to summary judgment.  In all instances, granting Mt.
Hawley's motion for judgment on the pleadings is not appropriate.

Ultimately, Mt. Hawley has failed to demonstrate that the Incident must be characterized
as a physical altercation and, consequently, that the Florida Action falls within the Policy's
Exclusion as a matter of law.  Without evidence that enables this Court to conclude that the
Incident was unquestionably a physical altercation rather than a "negligent escort," judgment on
the pleadings is inappropriate.  Accordingly, the Court denies Mt. Hawley's motion for judgment
on the pleadings on the issue of the duty to defend.

### B.    Duty to Indemnify

It is premature for the Court to determine whether Mt. Hawley has a duty to indemnify
Ocean Grille because a duty to indemnify may not be determinable until the underlying litigation

---

[3]    Typically, due to the broad nature of the duty to defend, "[i]f the allegations of the complaint are even
potentially within the language of the insurance policy, there is a duty to defend."  *High Point Design*, 911 F.3d at
95 (quoting *Town of Massena*, 98 N.Y.2d at 443 (2002)); *see also Spandex House*, 407 F. Supp. 3d at 249 ("[T]he
duty to defend arises so long as the action could *potentially* give rise to a covered claim.").

is resolved.  If there is no duty to defend, then there will be no duty to indemnify.  *Spandex House*, 407 F. Supp. 3d at 257.  But even if there is a duty to defend, the duty to indemnify depends on the resolution of the claims against Doe and Ocean Grille in the Florida Action.  *See Westport Ins. Corp. v. Hamilton Wharton Grp.*, No. 10-CV-2188, 2011 WL 724737, at *4 (S.D.N.Y. Feb. 23, 2011), *aff'd*, 483 F. App'x 599 (2d Cir. 2012).  Accordingly, the Court denies Mt. Hawley's motion for judgment on the pleadings on whether it has a duty to indemnify.

<u>**CONCLUSION**</u>

For the foregoing reasons, Mt. Hawley's motion for judgment on the pleadings is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at docket 26.

IT IS FURTHER ORDERED that the parties are directed to appear for a status conference on **April 26, 2024**, at **10:00 A.M.**  On or before **April 18, 2024**, the parties must submit a proposed Case Management Plan and a joint letter of not more than five (5) pages discussing the status of this case, any contemplated motions, the prospect for settlement, and any other matters that the parties would like to raise for the Court.

**SO ORDERED.**

Date:  April 1, 2024                                                   **VALERIE CAPRONI**
       New York, New York                                   **United States District Judge**